UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBERT J. SHAFFER,

                Plaintiff,        17-CV-1292

       v.                           **DECISION and ORDER**

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

---

## **INTRODUCTION**

Plaintiff Robert John Shaffer ("Plaintiff"), who is represented by counsel, brings this action pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner"), denying his applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court is Plaintiff's motion for judgment on the pleadings. Dkt. #14. For the reasons that follow, the motion is denied, and the final decision of the Commissioner is affirmed.

## **BACKGROUND**

### A. **Procedural History**

On October 24, 2014, Plaintiff filed applications for SSI and DIB alleging disability beginning June 1, 2014. T. 69-70, 137-47.[1]

---

[1] Citations to "T.__" refer to the pages of the administrative transcript. Dkt. #5.

His applications were initially denied on January 16, 2015, and he then requested a hearing before an Administrative Law Judge ("ALJ"). T. 9, 71-78. A hearing was held before ALJ Rosanne Drummer, after which she concluded that Plaintiff was not disabled. T. 27-52, 6-22. The Appeals Council denied Plaintiff's request for review on November 6, 2017, making the ALJ's determination the final decision of the Commissioner. T. 1-6. This action followed. Dkt. #1.

The issue before the Court is whether the Commissioner's decision that Plaintiff is not disabled is supported by substantial evidence and free of legal error. See Pl. Mem. (Dkt. #14-1) 12-16; Comm'r Mem. (Dkt. #15) 10-16.

**B. The ALJ's Decision**

In applying the familiar five-step sequential analysis, as contained in the administrative regulations promulgated by the Social Security Administration ("SSA"), see 20 C.F.R. §§ 404.1520, 416.920; Lynch v. Astrue, No. 07-CV-249, 2008 WL 3413899, at *2 (W.D.N.Y. Aug. 8, 2008) (detailing the five steps), the ALJ found: (1) Plaintiff did not engage in substantial gainful activity since June 1, 2014; (2) he had the severe impairments of osteoarthritis, diabetes, symptoms of peripheral neuropathy, and obesity, and non-severe impairments of right ankle mild osteoarthritis, left ankle chronic osteoarthritis, vision complications due to diabetes, hyperlipidemia, and hypertriglyceridema; (3) his impairments did

not meet or equal the Listings set forth at 20 C.F.R. § 404, Subpt. P, Appx. 1. The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform a range of light to sedentary work with the restrictions of lifting/carrying 20 pounds occasionally and 10 pounds frequently, sitting 8 of 8 hours, 4 hours at a time, standing/walking 2 to 3 hours, up to 30 minutes at a time, occasionally operating foot controls, no climbing of ladders/scaffolds, kneeling, crouching, or crawling, occasionally climbing ramps/stairs, balancing and stooping, and avoiding unprotected heights and rough or uneven surfaces for walking; (4) Plaintiff was unable to perform his past relevant work as hardware supply sales representative, construction worker, and gas station attendant; and (5) considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he could perform, such as microfilming document preparer, food and beverage order clerk, and call out operator. T. 9-19.

**DISCUSSION**

**A. Scope of Review**

A federal court should set aside an ALJ decision to deny disability benefits only where it is based on legal error or is not supported by substantial evidence. Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir. 1998). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support

a conclusion." Green-Younger v. Barnhart, 335 F.3d 99, 106 (2d Cir. 2003) (internal quotation marks omitted).

**B.   Severity Analysis**

Plaintiff argues that the ALJ erred in finding his ankle osteoarthritis to be a non-severe impairment. Pl. Mem. 12-15, Pl. Reply 3-8. The Court disagrees.

The Commissioner's regulations define a "severe" impairment as one "which significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c); see also, e.g., Meadors v. Astrue, 370 Fed. Appx. 179, 182 (2d Cir. 2010). The Second Circuit has emphasized that step two's severity analysis "may do no more than screen out de minimis claims." Dixon v. Shalala, 54 F.3d 1019, 1030 (2d Cir. 1995).

Plaintiff's step two burden is as follows:

> An impairment or combination of impairments is found "not severe" and a finding of "not disabled" is made at this step when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered . . . .

Social Security Ruling ("SSR") 85-28, 1985 WL 56856, at *3 (S.S.A. 1985).

At this stage of the sequential analysis, the ALJ found that "[t]he claimant was noted with right ankle mild osteoarthritis and left ankle chronic osteoarthritis . . . . The overall record does

not indicate the claimant required more than a slight work-related limitation due to these conditions, which are nonsevere. The severe and nonsevere impairments are included in the residual functional capacity." T. 11-12.

Plaintiff's diagnosis of bilateral ankle osteoarthritis, standing alone, is insufficient to show disabling severity. Durgan v. Astrue, No. 12-CV-279, 2013 WL 1122568, at *3 (N.D.N.Y. Feb. 19, 2013) ("[A] diagnosis alone is insufficient to establish a severe impairment as instead, the plaintiff must show that the medically determinable impairments significantly limit the ability to engage in basic work activities.").Thus, he must show that his bilateral ankle osteoarthritis caused functional limitations that precluded him from engaging in any substantial gainful activity. Plaintiff failed to meet his burden in this regard.

The record indicates that left ankle x-rays dated September 21, 2016, revealed chronic osteoarthritis, and right ankle x-rays revealed mild osteoarthritis. T. 285-86. Also in September 2016, Plaintiff saw his primary physician, Dr. Edgar Bassig, who noted tenderness on palpation of the ankles and abnormal ankle motion on exam. T. 289-90. Plaintiff does not point to, nor can the Court find, any other medical evidence in the record that demonstrates an ankle impairment. T. 218, 241, 261, 266, 273-74, 277-78, 285-86, 289-90. These sporadic findings are insufficient to establish that his ankle impairment significantly limited his physical ability to do basic work activities. See, e.g., Silsbee v. Colvin,

No. 14-CV-0345, 2015 WL 4508599, at \*11 (N.D.N.Y. July 23, 2015) ("The ALJ cited to the MRI and X-ray reports that consistently resulted in "unremarkable" or minimal results . . . . The ALJ discussed these findings extensively. Thus, while plaintiff's joint and back pain may not necessarily be related to her fibromyalgia, the clinical findings do not support separate 'severe' impairments due to the minimal clinical findings.").

In any event, the ALJ explicitly considered Plaintiff's ankle impairments with respect to her RFC finding. "An error at step two—either a failure to make a severity determination regarding an impairment, or an erroneous determination that an impairment is not severe—can be harmless error if the ALJ continues the analysis and considers all impairments in her RFC determination." Sech v. Comm'r of Social Sec., No. 13-CV-1356, 2015 WL 1447125, at \*3 (N.D.N.Y. Mar. 30, 2015); see O'Connell v. Colvin, 558 Fed. Appx. 63, 65 (2d Cir. 2014); Reices-Colon v. Astrue, 523 Fed. Appx. 796, 798 (2d Cir. 2013); Stanton v. Astrue, 370 Fed. Appx. 231, 233 n.1 (2d Cir. 2010).

In assessing the RFC, the ALJ extensively discussed all the evidence, including Dr. Bassig's September 2016 treatment notes and the October 2016 imaging of Plaintiff's ankle. Tr. 14, 17, 17, 285-86, 288-89. She included several postural limitations. T. 12. Significantly, Plaintiff does not cite to any evidence of record that would necessitate greater limitations than those accommodated

by the ALJ's existing RFC determination. Plaintiff's challenge to the ALJ's step two analysis must therefore fail.

**C.  Opinion Evidence**

Plaintiff also avers that the ALJ neglected to apply the regulatory factors in considering the opinion of the Medical Expert, Dr. Eric Puestow. Pl. Mem. 14-16.

In her decision, the ALJ afforded "significant weight" to Dr. Puestow's opinion. T. 17. Based on his review of the medical evidence and Plaintiff's testimony, Dr. Puestow opined that Plaintiff could frequently lift and carry up to 10 pounds, occasionally lift and carry up to 20 pounds, sit 8 out of 8 hours and up to 4 hours at a time, stand and walk 2-to-3 out of 8 hours and up to 30 minutes at a time, occasionally operate foot controls, climb stairs and ramps, balance, and stoop and never climb ladders or scaffolds, kneel, crouch, crawl, be exposed to unprotected heights, or walk a block at a reasonable pace on rough or uneven surfaces as a result of Plaintiff's knee condition and neuropathy. T. 316-19.

The ALJ found that Dr. Puestow reviewed the objective record evidence and provided a Medical Source Statement based on Plaintiff's knee impairment, neuropathy, and obesity. T. 17. In adopting Dr. Puestow's assessment of Plaintiff's limitations in full, she explained:

> [T]he ambulation limitations are noted as sedentary level, though Dr. Puestow found claimant's lift/carry abilities in the light

-7-

>    range. These findings are adopted in the
>    residual functional capacity. The claimant's
>    severe and nonsevere impairments would not
>    require further restriction.
>
>    . . .
>
>    [Dr. Puestow's] opinions are consistent with
>    the overall record. [He] is Board Certified in
>    Internal Medicine and is a medical expert
>    recognized by the Commissioner of Social
>    Security.

Id.

An ALJ is entitled to weigh all of the evidence, including the opinion evidence, to make an RFC finding that is consistent with the record as a whole. Matta v. Astrue, 508 Fed. Appx. 53, 56 (2d Cir. 2013). When weighing a medical opinion, an ALJ must consider, among other things, the medical source's treatment or examining relationship with the claimant, evidence supporting the opinion, and the opinion's consistency with the record as a whole. See 20 C.F.R. §§ 404.1527(c), 416.927(c). However, the Second Circuit requires "no such slavish recitation of each and every factor provided in 20 C.F.R. §[§] 404.1527(c) [and 416.927(c) where the ALJ's reason and adherence to the regulation are clear." See Atwater v. Astrue, 512 Fed. Appx. 67, 70 (2d Cir. 2013) (citing Halloran v. Barnhart, 636 F.2d 893, 897 (2d Cir. 2004)).

The ALJ carefully articulated her reasons for assigning Dr. Puestow's opinion significant weight. See 20 C.F.R. §§ 404.1527(c), 416.927(c). She explained that Dr. Puestow had reviewed the longitudinal treatment record, his opinion was

-8-

consistent with the overall record, and he was board certified in internal medicine and a medical expert recognized by SSA.

The Medical Expert's opinion was indeed consistent with the overall medical record. T. 17. See 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4) (explaining that more weight will be assigned to medical source opinions that are not inconsistent with other evidence of record); see also Monguer v. Heckler, 722 F.2d 1033, 1039 (2d Cir. 1983) (recognizing that the opinion of a consultative examiner may constitute substantial evidence in support of an ALJ's decision). As discussed above, Plaintiff had only sporadic and limited positive exam findings related to his ankle impairment. Aside from a September 2016, exam documenting tenderness on palpation of the ankles and abnormal ankle motion, and a September 2016, x-ray showing mild osteoarthritis of the right ankle and chronic osteoarthritis of the left ankle, the medical reports did not otherwise indicate the presence of an ankle impairment. T. 18, 241, 261, 266, 273-74, 277-78, 285-86, 289-90. At evaluations in September and October 2014, and January 2015, Plaintiff showed no sign of discomfort and had normal movement for all extremities and normal sensation, strength, gait and stance. T. 218-19, 242, 253-54, 257-58. From March 2015 through September 2016, he required only routine medical care and consistently showed no sign of acute distress or discomfort and had normal strength and reflexes on exam. T. 266, 273-74, 277-78, 289-90. In November 2016, Plaintiff had full strength and no instability and could walk unassisted on

exam, and, at his last examination of record in December 2016, he demonstrated no relevant abnormality. T. 294, 590-96.

Plaintiff also disagrees with the substance of Dr. Puestow's opinion insofar as it did not address Plaintiff's ankle osteoarthritis. Pl. Mem. 14-16. His argument overlooks the fact that Dr. Puestow was prompted to identify the impairments established by objective medical evidence. T. 312. That Dr. Puestow did not list bilateral ankle osteoarthritis indicates only that he did not agree the condition qualified as a medically determinable impairment, which, as discussed above, is supported by substantial evidence in the record. In any event, Plaintiff has not explained how the conditions Dr. Puestow did identify, particularly, osteoarthritis of the left knee, obesity, and symptoms consistent with sensory and perceptual neuropathy, fail to encompass any limitations associated with his bilateral ankle osteoarthritis.

Assuming Dr. Puestow did not consider the September 2016 clinical findings or ankle x-rays, upon which Plaintiff relies in support of his motion, it is the ALJ who is tasked with weighing and resolving the conflicts in the evidence noted her consideration of the "entire" record and the objective evidence at issue. T. 12. See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2) ("Although we consider opinions from medical sources on issues such as . . . your residual functional capacity . . . . the final responsibility for deciding these issues is reserved to the Commissioner."). Here, the ALJ explicitly considered the scant clinical findings and found

Plaintiff's ankle condition non-severe. Even so, she then proceeded to account for Plaintiff's severe and non-severe impairments in the RFC. The ALJ therefore did not err in finding Dr. Puestow's opinion in affording it significant weight, and substantial evidence supports the ALJ's conclusion that Dr. Puestow's opinion was consistent with the overall record.

For all of these reasons the Court finds that the ALJ's decision is supported by substantial evidence and free of legal error.

## **CONCLUSION**

For the reasons discussed above, Plaintiff's motion for judgment on the pleadings (Dkt. #14) is denied. The Clerk of the Court is directed to enter judgment in favor of the Commissioner in accordance with this Decision and Order.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated: Rochester, New York
June 19, 2019